UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KURT STOKINGER and JANELLA STOKINGER,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>ARMSLIST, LLC,<br><br>　　　　　Defendant. | Civil Action No: 1:23-CV-00428-PB |

**ARMSLIST, LLC'S MOTION TO DISMISS CLAIMS AS BARRED BY THE STATUTE OF LIMITATIONS, *RES JUDICATA*, COLLATERAL ESTOPPEL, AND COMMUNICATIONS DECENCY ACT**

*(Hearing Requested)*

Defendant Armslist, LLC ("Armslist"), by and through counsel, McLane Middleton, Professional Association, moves the Court to dismiss Plaintiffs Kurt Stokinger and Janella Stokinger's (collectively, "Plaintiffs") complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Plaintiffs' claims are barred by the Statute of Limitations (N.H. RSA 508:4), the doctrine of *Res Judicata*, Collateral Estoppel, and the Communications Decency Act of 1996 (47 U.S.C. § 230) (hereinafter, the "CDA").[1] Along with its accompanying memorandum of law and supporting Declaration of Andrew R. Hamilton, Esq., which are incorporated by reference, Armslist states as follows:

---

[1] Armslist has simultaneously filed a motion to dismiss the case for lack of personal jurisdiction under the New Hampshire's long-arm statute, RSA § 501:4 and the 14th Amendment to the United States Constitution.

1. Plaintiffs want a second bite at the apple. Plaintiffs filed first in the Suffolk County, Massachusetts Superior Court, which dismissed their claims as barred by the CDA *and* for lack of personal jurisdiction over Armslist (with prejudice). Undeterred, Plaintiffs now assert nearly identical claims against Armslist.

2. Plaintiffs claim Armslist should be liable because a felon named Grant Headley ("Headley") allegedly shot Plaintiff Kurt Stokinger, a Boston, Massachusetts police officer, on January 8, 2016, when the sole, alleged connection between Headley and Armslist is that the shooter allegedly bought the gun from a felon, Daniel Sullivan ("Sullivan"), or from his live-in girlfriend, Sara Johnson ("Johnson"), who bought the gun from an Armslist user, Derek McNamara ("McNamara").

3. Armslist has no relationship whatsoever with Headley.

4. Armslist operates Armslist.com, a website where users post their own listings for, among other things, the sale of firearms and firearms-related products. The McNamara listing is Armslist's sole connection to the shooting.

5. In their previous suit in the Suffolk Superior Court, Plaintiffs' claims against Armslist were nearly identical to the allegations contained in the present action. Armslist brought two motions to dismiss Plaintiffs' claims against Armslist arguing: (i) that the claims were barred by the CDA (the "CDA Motion"); and (ii) that the Suffolk Superior Court lacked personal jurisdiction over Armslist (the "Jurisdictional Motion").

6. In March 2020, the Suffolk Superior Court granted the CDA Motion but deferred ruling on the Jurisdictional Motion, noting it was not necessary in light of its order on the CDA Motion. After Armslist sought reconsideration of the order, and after Plaintiffs were granted six months of jurisdictional discovery, the Suffolk Superior Court granted the Jurisdictional Motion

on December 14, 2021, stating, unambiguously, that "[t[he claims against Armslist are hereby **DISMISSED**, with prejudice."

7. Plaintiffs did not seek reconsideration of either of the Court's Order nor did they appeal.  Instead, they waited until September 12, 2023—over three years after the Suffolk Superior Court issued its Order on the CDA Motion and almost two years after it issued its Order on the Jurisdictional Motion—to file this action.  This action is improper for several reasons.

8. First, Plaintiffs' claims are time-barred.  Officer Stokinger was shot in January 2016, well past New Hampshire's three-year limitations period.  Although Plaintiffs assert in their complaint that their claims have been preserved by New Hampshire's so-called Savings Statute, that statute does not apply because (1) the Suffolk Superior Court issued two decisions on the merits; and (2) more than a year has passed since the court dismissed Armslist.

9. Second, Plaintiffs' claims are barred by *res judicata.*  The Suffolk Superior Court's Orders dismissing Plaintiffs' claims against Armslist—the same claims and same parties in this action—are final judgments on the merits and subject to the full faith and credit of this Court.

10. Third, Plaintiffs' claims are still barred by the CDA, and the Suffolk Superior Court's decision on this issue collaterally estops Plaintiffs from raising the issue again in this Court.

11. Fourth, as discussed in the contemporaneously filed Motion to Dismiss for Lack of Personal Jurisdiction, this Court does not have personal jurisdiction over Armslist, pursuant to the New Hampshire Long-arm Statute and under the Due Process Clause of the 14th Amendment of the United States Constitution.

- 4 -

12. As addressed in the accompanying Memorandum of Law and Declaration, there is no reason, equitable or legal, to give the Plaintiffs a second bite at the apple. The action must be dismissed.

13. <u>Local Rule 7.1(a)</u>: A supporting memorandum of law is filed contemporaneously with this Motion.

14. <u>Local Rule 7.1(c)</u>: Given the dispositive nature of this Motion, Armslist has not sought Plaintiffs' assent.

15. <u>Local Rule 7.1(d)</u>: Armslist believes oral argument on this Motion would assist the Court, given the important nature of the issues presented in this Motion.

WHEREFORE, Armslist respectfully requests that the Court:

    A. Schedule a hearing on this Motion, pursuant to Fed. R. Civ. P. 12(b)(i);

    B. Grant this Motion;

    C. Dismiss all claims against Armslist; and

    D. Grant such other relief as is just, equitable, and proper.

- 5 -

        Respectfully submitted,

        ARMSLIST, LLC

        By its counsel,

        McLANE MIDDLETON
        PROFESSIONAL ASSOCIATION

Date: November 20, 2023    By:   */s/ Andrew R. Hamilton*
        Andrew R. Hamilton, NH Bar No. 265245
        Mark C. Rouvalis, NH Bar No. 6565
        Joseph A. Foster, NH Bar No. 838
        Min Ji (Stephanie) Nham, NH Bar No. 277584
        900 Elm Street
        Manchester, NH 03101
        Telephone (603) 625-6464
        mark.rouvalis@mclane.com
        joe.foster@mclane.com
        andrew.hamilton@mclane.com
        stephanie.nham@mclane.com

## CERTIFICATE OF SERVICE

    I certify that on this 20th day of November, 2023, the foregoing motion was electronically filed with the Clerk of Court and served upon all counsel of record for Plaintiffs using CM/ECF system:

        */s/ Andrew R. Hamilton*
        Andrew R. Hamilton, Esq.