# EXHIBIT C

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**                                                       **SUPERIOR COURT**

---

KURT STOKINGER and JANELLA
STOKINGER,

          Plaintiffs,                              **No. 1884CV03236-F**

            v.

ARMSLIST, LLC, GRANT HEADLEY, and
SARA JOHNSON

          Defendants.

---

### ARMSLIST, LLC'S RESPONSES TO
### PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Massachusetts Rules of Civil Procedure, Defendant Armslist, LLC ("Armslist"), by and through counsel, McLane Middleton, Professional Association and The Law Office of Neil S. Tassel, hereby responds to the Request for Production of Documents propounded by the Plaintiffs Kurt Stokinger and Janella Stokinger (collectively, "Plaintiffs").

### Preliminary Statement

On April 28, 2020, the Court dismissed this matter on the basis that Plaintiffs' claims were barred under the Communications Decency Act (47 U.S.C. § 230). In its October 15, 2020 Order on Armslist's Motion for Partial Reconsideration ("October 15th Order), the Court further found that "the current record fails to establish jurisdiction in Massachusetts," thereby also subjecting the Plaintiffs' Complaint to dismissal on personal jurisdiction grounds. The Court nevertheless granted the Plaintiffs leave to take jurisdictional discovery. These Requests, therefore, are limited to the narrow issue of whether a Massachusetts court may exercise personal

jurisdiction over Armslist in accordance with the Massachusetts Long-Arm Statute (M.G.L. c. 223A, § 3) and the Due Process Clause of the 14th Amendment of the United States Constitution.  Armslist responds to these Requests with this narrow focus in mind.

Armslist reserves its right to supplement or make changes in these answers if it appears at any time that omissions or errors have been made or that more accurate information is available. By responding to any particular Request, Armslist does not waive any of its general or specific objections to that or any other Request and its response should not be construed as an acceptance of any definition or characterization of fact or law provided by Plaintiffs.

### General Objections

A.      Armslist objects generally to the Requests to the extent they seek information that is beyond the scope of discovery under the Massachusetts Rules of Civil Procedure or the Superior Court Rules.

B.      Armslist objects generally to the Requests to the extent that they are vague and/or ambiguous.

C.      Armslist objects to Requests that require production of documents not in its possession, custody or control, or that are in the possession, custody, or control of the Plaintiffs, or that are otherwise in the public domain and/or accessible to all parties.

D.      Armslist objects to Requests to the extent that they seek discovery of matters protected by the attorney-client privilege, the attorney work-product doctrine or are otherwise protected from discovery.

E.      Armslist objects to Requests to the extent they assume disputed facts or legal conclusions.  Armslist denies any such disputed facts or legal conclusions.  Any answer or objection is without prejudice to or waiver of this objection and Armslist's answers and

objections shall not be construed as an acceptance of any characterization provided by the Plaintiffs.

F.      Armslist specifically reserves the right to object to the admissibility of any document or information produced in response to these Requests, and the decision to produce any document or piece of information does not waive Armslist's right to object that said material is irrelevant and inadmissible.

G.      Armslist objects to Requests to the extent they seek information or documents relating to any other issues beyond whether a Massachusetts court has personal jurisdiction over Armslist.  Discovery requests that seek documents or information related to topics beyond the scope of the Court's October 15th Order, are irrelevant and Armslist will not respond to them.

H.      Armslist objects to Requests to the extent that they seek documents beyond the time period of 2015-2016.  In determining whether a court can establish specific jurisdiction over a defendant, the court's "focus is directed to the defendant's contacts at the time the cause of action arose, rather than when the complaint was filed."  Von Schonau-Riedweg v. Rothschild Bank AG, 95 Mass. App. Ct. 471, 489–90 (2019) (quoting Fletcher Fixed Income Alpha Fund, Ltd. v. Grant Thornton LLP, 89 Mass. App. Ct. 718, 725 (2016)).  In this case, Plaintiffs' cause of action arose, if at all, in 2015 and 2016.  Plaintiffs' discovery requests, therefore, are limited to this time period.  Discovery requests that seek documents or information outside of the 2015-16 time period are beyond the scope of jurisdictional discovery, are irrelevant and Armslist will not respond to them.

Armslist hereby incorporates these General Objections into its responses to each of the following Requests.

## Responses to Document Requests

1. **All documents and communications concerning Private Sellers located in or offering sales within the Commonwealth of Massachusetts.**

   **OBJECTIONS:**
   In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

   **ANSWER:**
   Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

2. **All documents and communications concerning Private Sellers located in or offering sales within New Hampshire.**

   **OBJECTIONS:**
   In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

   **ANSWER:**
   Based on the above Objections, Armslist will not produce documents in response to this Request.

3. **All documents and communications concerning Premium Personals located in or offering sales within the Commonwealth of Massachusetts.**

   **OBJECTIONS:**
   In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is

overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.  Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.  Armslist notes that Premium Personal accounts were not offered until 2020.

**ANSWER:**
Based on the above Objections, Armslist will not produce documents in response to this Request.

4. **All documents and communications concerning Premium Personals located in or offering sales within New Hampshire.**

**OBJECTIONS:**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.  Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.  Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.  Armslist notes that Premium Personal accounts were not offered until 2020.

**ANSWER:**
Based on the above Objections, Armslist will not produce documents in response to this Request.

5. **All documents and communications concerning potential Premium Personals located in or offering sales within the Commonwealth of Massachusetts.**

**OBJECTIONS:**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.  Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action

allegedly arose, *i.e.*, the years 2015-16.  Armslist notes that Premium Personal accounts were not offered until 2020.

**<u>ANSWER:</u>**
Based on the above Objections, Armslist will not produce documents in response to this Request.

**6.  All documents and communications concerning potential Premium Personals located in or offering sales within New Hampshire.**

**<u>OBJECTIONS:</u>**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.  Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.  Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.  Armslist notes that Premium Personal accounts were not offered until 2020.

**<u>ANSWER:</u>**
Based on the above Objections, Armslist will not produce documents in response to this Request.

**7.  All documents and communications concerning Premium Vendors located in or offering sales within the Commonwealth of Massachusetts.**

**<u>OBJECTIONS:</u>**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.  Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**<u>ANSWER:</u>**
Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

8. **All documents and communications concerning Premium Vendors located in or offering sales within New Hampshire.**

   **OBJECTIONS:**
   In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

   **ANSWER:**
   Based on the above Objections, Armslist will not produce documents in response to this Request.

9. **All documents and communications concerning solicitation of or other communications with potential Premium Vendors in the Commonwealth of Massachusetts.**

   **OBJECTIONS:**
   In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

   **ANSWER:**
   Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

10. **All documents and communications concerning solicitation of or other communications with potential Premium Vendors in New Hampshire.**

    **OBJECTIONS:**
    In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any

disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

**ANSWER:**

Based on the above Objections, Armslist will not produce documents in response to this Request.

**11. All documents and communications concerning marketing by Armslist directed towards the Commonwealth of Massachusetts.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**

Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

**12. All documents and communications concerning marketing by Armslist directed towards New Hampshire.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

**ANSWER:**
Based on the above Objections, Armslist will not produce documents in response to this Request.

**13. All documents and communications concerning discussions, plans, or strategies regarding advertising targeted towards the Commonwealth of Massachusetts.**

**OBJECTIONS:**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

**ANSWER:**
Based on the above Objections, Armslist will not produce documents in response to this Request.

**14. All documents and communications concerning discussions, plans, or strategies regarding advertising targeted towards New Hampshire.**

**OBJECTIONS:**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

**ANSWER:**
Based on the above Objections, Armslist will not produce documents in response to this Request.

15. **All documents and communications concerning discussions, plans, or strategies regarding increasing the sale of firearms or postings related to the potential sale of firearms in the Commonwealth of Massachusetts.**

   **OBJECTIONS:**

   In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's actual contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to "discussions, plans, or strategies" regarding Armslist's intentions or future plans is not relevant to the issue of whether Armslist actually established contacts within Massachusetts sufficient to allow a court to exercise jurisdiction over the company.

   **ANSWER:**

   Based on the above Objections, Armslist will not produce documents in response to this Request.

16. **All documents and communications concerning discussions, plans, or strategies regarding increasing the sale of firearms or postings related to the potential sale of firearms in New Hampshire.**

   **OBJECTIONS:**

   In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

   **ANSWER:**

   Based on the above Objections, Armslist will not produce documents in response to this Request.

17. **All documents and communications concerning the volume of postings and/or sales Armslist facilitated within the Commonwealth of Massachusetts.**

> **OBJECTIONS:**
> In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.  Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

> **ANSWER:**
> Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

18. **All documents and communications concerning the volume of postings and/or sales Armslist facilitated within New Hampshire.**

> **OBJECTIONS:**
> In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.  Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.  Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

> **ANSWER:**
> Based on the above Objections, Armslist will not produce documents in response to this Request.

19. **All documents and communications concerning third-party advertisers who advertise on behalf of Armslist within the Commonwealth of Massachusetts.**

> **OBJECTIONS:**
> In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the

discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**
Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

20. **All documents and communications concerning third-party advertisers who advertise on behalf of Armslist within New Hampshire.**

**OBJECTIONS:**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

**ANSWER:**
Based on the above Objections, Armslist will not produce documents in response to this Request.

21. **All documents and communications concerning any financial records of payments for either Premium Vendor accounts or advertising space on Armslist.com that reference any customer using or associated with an address in the Commonwealth of Massachusetts.**

**OBJECTIONS:**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**

Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

22. **All documents and communications concerning any financial records of payments for either Premium Vendor accounts or advertising space on Armslist.com that reference any customer using or associated with an address in New Hampshire.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

**ANSWER:**

Based on the above Objections, Armslist will not produce documents in response to this Request.

23. **All documents and communications concerning all postings or transactions by Derek McNamara on Armslist.com.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**

Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

**24. All documents and communications concerning all postings or transactions by Sara Johnson on Armslist.com.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**

Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

**25. All documents and communications concerning all postings or transactions by Daniel Sullivan on Armslist.com.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**

Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

**26. All documents and communications concerning all postings or transactions by Grant Headley on Armslist.com.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this

Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**

Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

27. **All documents and communications concerning any actual or potential transactions or contracts with any person or entity within the Commonwealth of Massachusetts.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.  Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**

Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

28. **All documents and communications concerning any servers, materials, real estate, office space, employees, or agents of Armslist located within the Commonwealth of Massachusetts.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.  Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period.  Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**
Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

**29. All documents and communications concerning any law, regulation, or policy of the Commonwealth of Massachusetts regarding firearms.**

**OBJECTIONS:**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**
Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

**30. All documents and communications concerning any contact or correspondence between Armslist and any local, state, or federal law enforcement or regulatory agency operating within the Commonwealth of Massachusetts, including, but not limited to, contact or correspondence regarding criminal investigations, certificates of incorporation, or taxation.**

**OBJECTIONS:**
In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**
Subject to and without waiving the above Objections, Armslist states that it will produce all relevant, non-privileged documents responsive to this Request in its possession, custody or control, if any, from the years 2015 to 2016.

31. **All documents and communications concerning any firearm sold through or posted on Armslist.com being recovered in the course of a criminal investigation in the Commonwealth of Massachusetts, including, but not limited to, any correspondence with any local, state, or federal law enforcement agencies within the Commonwealth of Massachusetts.**

> **OBJECTIONS:**
> In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. The criminal actions that other third-parties may have undertaken in Massachusetts is not relevant to whether Armslist established contacts in the Commonwealth sufficient to allow a court to exercise jurisdiction over the company.

> **ANSWER:**
> Based on the above Objections, Armslist will not produce documents in response to this Request.

32. **All documents and communications concerning the sale or transportation of firearms between New Hampshire and the Commonwealth of Massachusetts, including but not limited to the transfer of firearms after a transaction in New Hampshire facilitated by a posting on Armslist.com.**

> **OBJECTIONS:**
> In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. This Request seeks information completely unrelated to the issue of whether Armslist has established contacts within Massachusetts sufficient to allow a court in the Commonwealth to establish personal jurisdiction over the company. The overly broad scope of this Request, for example, likely includes information regarding the conduct of third-parties that have no relationship and/or connection to Armslist. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16. Communications and documents related to conduct in *New Hampshire* are not relevant to the issue of whether a court in *Massachusetts* has personal jurisdiction over Armslist.

**ANSWER:**

Subject to and without waiving the above Objections, Armslist will not produce documents in response to this Request until the Plaintiffs propound a request that asks for specific, relevant information, such that the request is not overly broad and abusive.

**33. All documents and communications concerning interstate firearms trafficking.**

**OBJECTIONS:**

In addition to the General Objections interposed above, which Armslist references and incorporates herein, Armslist objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks information that is not relevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action. This Request seeks information completely unrelated to the issue of whether Armslist has established contacts within Massachusetts sufficient to allow a court in the Commonwealth to establish personal jurisdiction over the company. The overly broad scope of this Request, for example, likely includes information regarding the conduct of third-parties that have no relationship and/or connection to Armslist. Armslist further objects to this Request to the extent that it seeks information and documents outside of the relevant time period. Pursuant to case law, Plaintiffs' jurisdictional discovery is limited to Armslist's contacts with Massachusetts at the time the cause of action allegedly arose, *i.e.*, the years 2015-16.

**ANSWER:**

Subject to and without waiving the above Objections, Armslist will not produce documents in response to this Request until the Plaintiffs propound a request that asks for specific, relevant information, such that the request is not overly broad and abusive.

Respectfully submitted,

ARMSLIST, LLC

By its counsel,

McLANE MIDDLETON
PROFESSIONAL ASSOCIATION

Date: December 2, 2020    By:    */s/ Andrew R. Hamilton*
    Mark C. Rouvalis, BBO No. 552460
    Joseph A. Foster, BBO No. 624860
    Andrew R. Hamilton, BBO No. 689343
    300 TradeCenter, Suite 7000
    Woburn, MA 01801
    (781) 904-2700
    joe.foster@mclane.com
    mark.rouvalis@mclane.com
    andrew.hamilton@mclane.com

-AND-

THE LAW OFFICE OF NEIL S. TASSEL

Date: December 2, 2020    By:    */s/ Neil S. Tassel*
    Neil S. Tassel, BBO No. 557943
    607 North Avenue Suite 18 (2nd Floor)
    Wakefield, MA 01880
    (617) 227-2800
    nstassellaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of December, 2020, copies of the foregoing motion were served via email upon the following counsel of record for Plaintiffs, and via U.S. Mail, postage pre-paid upon Defendants Grant Headley and Sara Johnson at the following addresses:

Elizabeth N. Mulvey, Esq.
CROWE & MULVEY, LLP
77 Franklin Street
Boston, MA 02110
emulvey@croweandmulvey.com

Jonathan E. Lowy, Esq.
BRADY CENTER
TO PREVENT GUN VIOLENCE
840 First Street NE
Suite 400
Washington, DC 20005
jlowy@bradymail.org

John D. Kimball, Esq.
Martin S. Krezalek, Esq.
Robyn L. Michaelson, Esq.
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
jkimball@blankrome.com
mkrezalek@blankrome.com
rmichaelson@blankrome.com

Grant Headley
Nashua Street Jail
200 Nashua Street
Boston, MA 02114

Sara Johnson (Inmate # 15740-049)
FCI Danbury
Route 37
Danbury, CT 06811

*/s/ Andrew R. Hamilton*
Andrew R. Hamilton, Esq.

113424\16398134.v1