# EXHIBIT D



ANDREW R. HAMILTON
Direct Dial: 781.904.2706
Email: andrew.hamilton@mclane.com
Admitted in MA and NH
300 TradeCenter, Suite 7000
Woburn, MA 01801-7419
T 781.904.2700
F 781.904.2701

January 21, 2021

**VIA EMAIL ONLY**

Robyn L. Michaelson, Esq.
John D. Kimball, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
jkimball@blankrome.com
rmichaelson@blankrome.com

**Re:**   **Kurt Stokinger and Janella Stokinger v. Armslist, LLC, et al.**
          **Civ. No. 1884CV03236-F**

Dear Robyn:

I write to respond to Attorney Kimball's December 18, 2020 letter, and to follow-up on the conference call we had on January 6, 2021, as well as your email from the same day, all relating to the jurisdictional discovery issues in this matter. For ease of reference, I respond to each of the discovery topics below in the order they are presented in your correspondence.

### Document Requests

**Request No. 13:** To clarify, Armslist has produced all relevant, non-privileged documents responsive to this Request in its possession, custody or control, from the years 2015 or 2016.

**Request No. 15:** Armslist maintains its position that the Plaintiffs are not entitled to documents and communications relating to Armslist's "discussions, plans or strategies regarding increasing the sale of firearms or postings related to the potential sale of firearms" in Massachusetts. As we discussed with you during our call two weeks ago, a defendant's *intention* to act in a forum is irrelevant for determining whether the defendant *actually established* minimum contacts in the forum sufficient to allow a court to exercise personal jurisdiction. See, e.g., Walden v. Fiore, 571 U.S. 277, 288, 134 S.Ct. 1115, 1124 (2014) (denying personal jurisdiction to a Nevada court where it was "undisputed that no part of [defendant's] course of conduct occurred in Nevada."). The cases cited by the Plaintiffs are inapposite.

Robyn L. Michaelson, Esq.
January 21, 2021
Page 2

However, in order to avoid the Court's involvement in this issue, and subject to and without waiving the Objections stated in its response to Request No. 15, Armslist states it has no responsive, non-privileged documents in its possession, custody or control, from the years 2015 or 2016.

**Request Nos. 2, 4, 6, 8, 10, 12, 14, 16, 18, 20 and 22:**  Armslist maintains its position that any conduct by Armslist in New Hampshire, or any other state, is irrelevant for determining whether Armslist established minimum contacts in Massachusetts.  As Armslist discussed at length in multiple briefs, Supreme Court precedent makes clear that courts must focus on the defendant's actual conduct directed into the forum, not on conduct directed at parties who had a connection to the forum state.  See, e.g., Walden, 571 U.S. at 289, 134 S.Ct. at 1125 ("[Defendant's] actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections.").  The Plaintiffs have already argued that Armslist's alleged New Hampshire conduct should be considered for establishing minimum contacts in Massachusetts.  The Court has rejected this argument.  In her October 8, 2020 Order, Judge Brieger concluded, "after a hearing and careful consideration of the Parties' written submissions," that "the current record fails to establish jurisdiction in Massachusetts." These written submissions included the Plaintiffs' allegation that Sara Johnson purchased the gun at issue from a New Hampshire resident whom she met through a posting on Armslist's website, which she then injected into an alleged cross-border gun-trafficking scheme.  See, e.g., Am. Compl. at ¶¶ 135-50.  The Court did not find this alleged New Hampshire-based conduct to be a sufficient jurisdictional event.

However, again in order to avoid the Court's involvement in this issue, and subject to and without waiving the Objections stated in its responses to Request Nos. 8 and 10, Armslist produces the enclosed documents, Bates-stamped ARMSLIST 000274-75, which constitute the responsive non-privileged documents in Armslist's possession, custody or control, from the years 2015 and 2016. Subject to and without waiving its Objections stated in its responses to Request Nos. 2, 4, 6, 12, 14, 16, 18, 20, Armslist states it has no responsive documents in its possession, custody or control from the years 2015 and 2016.  Specifically, in response to Request Nos. 4 and 6, Armslist states that Premium Personal accounts were not offered until 2020.

**Request Nos. 31 and 32:**  Armslist maintains its position that Armslist's knowledge of the alleged illicit gun trade between Massachusetts and New Hampshire is irrelevant for determining whether Armslist has established minimum contacts in Massachusetts.  As an initial matter, Armslist has no specific knowledge of, and cannot track what a third-party does with, any particular product which was, at some point, posted on armslist.com.  As provided in Jon Gibbon's March 27, 2019 Declaration, ¶ 32, once an item is posted on the website, it is up to the potential buyer and seller to complete the transaction off-line.

Further, even if Armslist could track what third-parties subsequently do with products that are posted on its website—which it cannot—such knowledge would have no jurisdictional weight. As noted in Armslist's briefs, the Supreme Court specifically rejected a lower court's holding that specific personal jurisdiction could be based on the defendant's knowledge of the plaintiff's

Robyn L. Michaelson, Esq.
January 21, 2021
Page 3

contacts with the forum state and the plaintiff's foreseeable harm in the forum state. Walden, 571 U.S. at 289, 134 S.Ct. at 1124-25 (finding that lower court's "approach to the 'minimum contacts' analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis."). Again, the Plaintiffs have already presented their argument to the Court[1] and the Court has rejected it.

However, in order to avoid the Court's involvement in this issue, and subject to and without waiving the Objections stated in its responses to Request Nos. 31 and 32, Armslist states it has no non-privileged responsive documents in its possession, custody or control from the years 2015 or 2016.

### Interrogatories

**Interrogatory No. 11:** The Plaintiffs requested clarification on Armslist's response to Interrogatory No. 11. Specifically, the Plaintiffs requested whether "[d]uring the relevant time period, did Armslist undertake marketing efforts from anyone in the country that were targeted towards Massachusetts?" Subject to and without waiving the Objections previously stated in its response to Interrogatory No. 11, Armslist states that it undertook no such marketing efforts towards Massachusetts during the January 2015 to January 2016 time period.

**Interrogatory No. 15:** The Plaintiffs requested clarification on Armslist's response to Interrogatory No. 15. Specifically, the Plaintiffs requested whether "[d]uring the relevant time period, did one or more individuals with an ownership interest in Armslist maintain a domicile or office in Massachusetts?" Subject to and without waiving the Objections previously stated in its response to Interrogatory No. 15 Armslist states that no individuals with an ownership interest in Armslist maintained a domicile or office in Massachusetts during the January 2015 to January 2016 time period.

**Interrogatory No. 17:** The Plaintiffs requested that Armslist reconsider its objection to Interrogatory No. 17, which seeks the identity of "all persons who designed, considered, discussed, or made decisions regarding the selection, implementation, or alterations to the software, programs, and/or computer code used by Armslist to post listings for the sale of firearms" in Massachusetts. After further consideration, Armslist reiterates its previous objections to this Interrogatory. Interrogatory No. 17 seeks information that is irrelevant to any disputed claims or defenses, and is not reasonably calculated to lead to the discovery of admissible evidence in this action.

Nothing in Armslist's website subjects it to personal jurisdiction in Massachusetts. As Jonathan Gibbon testified in his March 27, 2019 Declaration, armslist.com provides information to all visitors on a neutral basis, regardless of their location. The only connections that the website has to Massachusetts is that users, some of whom are located in Massachusetts, can add state-specific

---

[1] The Plaintiffs alleged in their Amended Complaint, for example, that "Armslist directly enabled a gun-running operation that put guns in the hands of several New England gang members, drug dealers and dangerous repeat felons like [Defendant] Headley." Am. Compl. at ¶ 133.

Robyn L. Michaelson, Esq.
January 21, 2021
Page 4

location tags to their posts, and the website is accessible in the Commonwealth (as well as anywhere else in the world). The Massachusetts Supreme Judicial Court has held that these kind of general contacts, without more, are not sufficient to allow a court in Massachusetts to exercise jurisdiction over the operator of a website. Roberts v. Legendary Marine Sales, 447 Mass. 860, 864–65 (2006) (finding that a defendant's website, which has the potential of reaching potential clients in Massachusetts does not establish personal jurisdiction, "in the absence of any specific showing by the plaintiffs that the Web site did anything beyond providing information.").

In her decision allowing Armslist's Motion to Dismiss Claims Barred by the Communications Decency Act, Judge Brieger, like the Wisconsin Supreme Court in Daniel v. Armslist, similarly found that Armslist only provided "neutral tools" on its website. Judge Brieger and the Wisconsin Supreme Court rejected the argument set forth by the Plaintiffs that Armslist's design or operation of its website facilitated or encouraged illegal firearms sales in Massachusetts. Id. at pp. 13-14.

Armslist's website presents information on a neutral basis to anyone in the world with Internet access. There is nothing in Armslist's design or operation of its website that suggests it is purposefully directing its conduct into Massachusetts. Consequently, the Plaintiffs' requests for information on the inner workings of the website's code and software is nothing more than a fishing expedition. Based on its previously stated objections, Armslist will provide no further response to Interrogatory No. 17 other than what it has already provided in its original answer and in this letter.

Sincerely,

Andrew R. Hamilton
ARH: ah

cc:   Mr. Jonathan Gibbon (President, Armslist, LLC, via email only)
      Elizabeth N. Mulvey, Esq. (for Plaintiffs, via email only)
      Jonathan E. Lowy, Esq. (for Plaintiffs, via email only)
      Neil S. Tassel, Esq. (for Defendant Armslist, LLC, via email only)
      Mark C. Rouvalis, Esq. (for Defendant Armslist, LLC, via email only)
      Joseph A. Foster, Esq. (for Defendant Armslist, LLC, via email only)

| | |
|---|---|
| **From:** | onlinesales@granitestaterange.com |
| **Sent:** | Saturday, May 02, 2015 3:03 PM |
| **To:** | suggestions@armslist.com |
| **Subject:** | FFL Request |
| **Attachments:** | GSIR FFL.pdf |

Attached is a copy of the FFL for Granite State Range.

User: GSIRONLINE
Email: Onlinesales@granitestaterange.com

Any questions please feel free to contact the shop at 603-718-8813

Thank you

1

ARMSLIST 000274

# Federal Firearms License
## (18 U.S.C. Chapter 44)

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

In accordance with the provisions of Title I, Gun Control Act of 1968, and the regulations issued thereunder (27 CFR Part 478), you are licensed to engage in the business specified in this license, within the limitations of Chapter 44, Title 18, United States Code, and the regulations issued thereunder, until the expiration date shown. **THIS LICENSE IS NOT TRANSFERABLE UNDER 27 CFR 478.51.** See "WARNINGS" and "NOTICES" on reverse.

| | |
|---|---|
| Direct ATF Correspondence To | ATF - Chief, FFLC<br>244 Needy Road<br>Martinsburg, WV 25405-9431 |
| License Number | **6-02-011-01-7H-02317** |
| Chief, Federal Firearms Licensing Center (FFLC)<br>*Tracey Robertson* | Expiration Date | **August 1, 2017** |

**Name**
GRANITE STATE INDOOR RANGE & GUN SHOP LLC

**Premises Address** (Changes? Notify the FFLC at least 30 days before the move.)
2 HAMPSHIRE DR
HUDSON, NH 03051-

**Type of License**
01-DEALER IN FIREARMS OTHER THAN DESTRUCTIVE DEVICES

**Purchasing Certification Statement**
The licensee named above shall use a copy of this license to assist a transferor of firearms to verify the identity and the licensed status of the licensee as provided by 27 CFR Part 478. The signature on each copy must be an original signature. A faxed, scanned or e-mailed copy of the license with a signature intended to be an original signature is acceptable. The signature must be that of the Federal Firearms Licensee (FFL) or a responsible person of the FFL. I certify that this is a true copy of a license issued to the licensee named above to engage in the business specified above under "Type of License."

Licensee/Responsible Person Signature
Printed Name: Rick Bishop
Position/Title: Manager
Date: 7-18-14

**Mailing Address** (Changes? Notify the FFLC of any changes.)
GRANITE STATE INDOOR RANGE & GUN SHOP LLC
P O BOX 11
DURHAM, NH 03824-

ATF Form 8 (5310.11)
Revised October 2011

Previous Edition is Obsolete   GRANITE STATE INDOOR RANGE & GUN SHOP LLC:2 HAMPSHIRE DR:03051:6-02-011-01-7H-02317:August 1, 2017:01-DEALER IN FIREARMS OTHER THAN DESTRUCTIVE DEVICES

## Federal Firearms License (FFL) Customer Service Information

Federal Firearms Licensing Center (FFLC)
244 Needy Road
Martinsburg, WV 25405-9431

Toll-free Telephone Number: (866) 662-2750
Toll-free Fax Number: (866) 257-2749
E-mail: NLC@atf.gov

ATF Homepage: www.atf.gov
FFL eZ Check: www.atfonline.gov/fflezcheck

**Change of Address** *(27 CFR 478.52)*. Licensees may during the term of their current license remove their business or activity to a new location at which they intend regularly to carry on such business or activity by filing an Application for an Amended Federal Firearms License, ATF Form 5300.38, in duplicate, not less than 30 days prior to such removal with the Chief, Federal Firearms Licensing Center. The application must be executed under the penalties of perjury and penalties imposed by 18 U.S.C. 924. The application shall be accompanied by the licensee's original license. The license will be valid for the remainder of the term of the original license. (The Chief, FFLC, shall, if the applicant is not qualified, refer the application for amended license to the Director of Industry Operations for denial in accordance with § 478.71.)

**Right of Succession** *(27 CFR 478.56)*. (a) Certain persons other than the licensee may secure the right to carry on the same firearms or ammunition business at the same address shown on, and for the remainder of the term of, a current license. Such persons are: (1) The surviving spouse or child, or executor, administrator, or other legal representative of a deceased licensee; and (2) A receiver or trustee in bankruptcy, or an assignee for benefit of creditors. (b) In order to secure the right provided by this section, the person or persons continuing the business shall furnish the license for that business for endorsement of such succession to the Chief, FFLC, within 30 days from the date on which the successor begins to carry on the business.

Cut Here ✂

*(Continued on reverse side)*

### Federal Firearms License (FFL) Information Card

| | |
|---|---|
| License Name: | **GRANITE STATE INDOOR RANGE & GUN SHOP LLC** |
| Business Name: | |
| License Number: | **6-02-011-01-7H-02317** |
| License Type: | **01-DEALER IN FIREARMS OTHER THAN DESTRUCTIVE DEVICES** |
| Expiration: | **August 1, 2017** |

Please Note: Not Valid for the Sale or Other Disposition of Firearms.

### FFL Newsletter - Electronic Version Available

Sign-Up Today!

FFLs interested in receiving the electronic version of the FFL Newsletter, along with occasional additional information, should submit name, FFL number, and e-mail address to: FFLNewsletter@atf.gov.

The electronic FFL Newsletter will enable ATF to communicate information to licensees on a periodic basis.

ARMSLIST 000275