# EXHIBIT E

07-09   1/12/16   29

# NOTIFY

## COMMONWEALTH OF MASSACHUSETTS

| | | |
|---|---|---|
| SUFFOLK, ss. | NOTICE SENT 12/24/2021 M.M. A.H. N.ST. C.+M. D.W.S. E.N.M. M.M. J.A.F. M.C.R. | SUPERIOR COURT |
| KURT STOKINGER and JANELLA STOKINGER, Plaintiffs, v. ARMSLIST, LLC, GRANT HEADLEY, and SARA JOHNSON Defendants. | | No. 1884CV03236-F (sc) |



### ARMSLIST, LLC'S RENEWED MOTION FOR PARTIAL RECONSIDERATION TO DISMISS THE CASE FOR LACK OF PERSONAL JURISDICTION

Defendant Armslist, LLC ("Armslist"), by and through counsel, McLane Middleton, Professional Association and The Law Office of Neil S. Tassel, renews its Motion for Partial Reconsideration of the Court's March 13, 2020 decision not to address Armslist's Motion to Dismiss Due to Lack of Personal Jurisdiction (Brieger, J.), pursuant to Super. Ct. R. 9D. Armslist requests a hearing on this Renewed Motion, pursuant to Super. Ct. R. 9D. In support of its Renewed Motion, Armslist incorporates by reference its original Motion for Partial Reconsideration and Reply (Docket No. 23), along with its accompanying Memorandum of Law and Affidavit of Andrew R. Hamilton, Esq. ("Hamilton Aff."), and states as follows:

1. In its March 13, 2020 Order, this Court allowed Armslist's Motion to Dismiss Claims Barred by the Communications Decency Act (the "March 13th Order"). In Footnote 1 of the March 13th Order, the Court acknowledged that Armslist had also filed a separate motion to dismiss on the basis of lack of personal jurisdiction, but found, "in light of the instant ruling, the court need not address the jurisdictional issue."

# NOTIFY

∨ 12/16

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

NOTICE SENT
12/24/2021
M.M.
A.H.
N.S.T.
C.4M.
D.W.S.
E.N.M.
M.M.
J.A.F.
M.C.R.

(sc)

SUPERIOR COURT
CIVIL ACTION
NO. 1884CV03236-F

KURT STOKINGER and
JANELLA STOKINGER

vs.

ARMSLIST, LLC, GRANT HEADLEY, and
SARA JOHNSON

### MEMORANDUM OF DECISION AND ORDER ON ARMSLIST, LLC'S RENEWED MOTION FOR PARTIAL RECONSIDERATION TO DISMISS THE CASE FOR LACK OF PERSONAL JURISDICTION

This action arises from the shooting of Boston Police Officer Kurt Stokinger during a police investigation. Officer Stokinger and his wife, Janella Stokinger, assert various claims against Grant Headley the alleged shooter; Sara Johnson, who allegedly provided Headley with the gun used; and Armslist, LLC ("Armslist"), the owner and operator of a website that Johnson allegedly used to purchase the gun. In March 2020, this Court (Brieger, J.) issued a decision allowing Armslist's motion to dismiss for failure to state a claim under Mass. R. Civ. P. 12(b)(6) but declined to rule on Armslist's motion to dismiss for lack of personal jurisdiction under Mass. R. Civ. P. 12(b)(2). Armslist filed a Motion for Partial Reconsideration, requesting that the Court decide its personal jurisdiction motion to avoid the potential that the Appeals Court would remand the case to decide the jurisdictional question before allowing an appeal of this Court's Rule 12(b)(6) decision. By margin endorsement, the Court (Brieger, J.) denied the motion without prejudice, concluding that the record currently before it failed to establish jurisdiction but granting the plaintiffs' request to take jurisdictional discovery. That jurisdictional discovery

period has now ended, and Armslist renews its Motion for Partial Reconsideration. After hearing, this Court concludes that this Court does not have personal jurisdiction over Armslist.

### Background

The following is taken from the parties' pleadings, affidavits, and the evidence attached thereto. Certain facts are reserved for the later discussion.

Armslist is a Pennsylvania limited liability company; its sole office and all its direct employees are also in Pennsylvania. Gibbon Decl., ¶¶ 6-7. Armslist hires contractors in other states, but none are in Massachusetts. Id. at ¶ 9. It does not own, lease, or otherwise control property in Massachusetts, maintain phone numbers or bank accounts in the state, is not registered to do business in the state, and has not attended any trade shows or gun shows in the state. Id. at ¶¶ 40-44.

Armslist owns and operates armslist.com, a craigslist-style, for-profit, online firearms marketplace that enables users to sell firearms and firearm-related accessories to private individuals through website postings. First Amended Complaint ("FAC"), ¶¶ 49, 58; Gibbon Decl., ¶ 11. Listings may be posted by "Premium Vendors" (typically federally licensed firearms dealers) as well as private parties. Gibbon Decl., ¶ 11. Premium Vendors subscribe to a premium membership for a fee paid to Armslist; private parties do not subscribe or otherwise register with the website. Gibbon Decl., ¶ 19-20. Armslist does not participate in the actual transactions between users; those transactions take place offline. Gibbon Decl., ¶¶ 13, 32. Armslist.com is accessible by internet users in all fifty states. The site permits users to filter third party listings by state, including Massachusetts. See Ex. 3 to the May 10, 2019 Mulvey Decl. ("First Mulvey Decl.")

Armslist is directly funded through paid advertisements on armslist.com and through its Premium Vendor Subscription service. It does not generate any revenue directly from non-premium sellers. Gibbons Decl., ¶¶ 33-37. As of January 8, 2016, Armslist had nine Premium Vendors based in Massachusetts.[1] This is out of a group of several hundred.

Sometime after March 3, 2015, Derek McNamara listed a Glock 27 firearm for sale on armslist.com. McNamara is a New Hampshire resident. He had purchased the Glock from a federally licensed firearms dealer in New Hampshire; McNamara was not a Premium Vendor. FAC, ¶ 136-137; Gibbons Decl., ¶ 54. Defendant Sara Johnson, a resident of New Hampshire, contacted McNamara through armslist.com expressing interest in purchasing the firearm. FAC, ¶¶ 137. In July 2015, McNamara met Johnson at a McDonald's restaurant in Warner, New Hampshire where he sold her the Glock 27. Id. During that transaction, there was an unidentified male in Johnson's car -- allegedly Daniel Sullivan, a convicted felon. FAC, ¶¶ 137-138. Shortly thereafter, Johnson and/or Sullivan re-sold the Glock 27 to defendant Grant Headley, a career criminal who was then serving probation and was prohibited from purchasing or possessing a firearm. FAC, ¶¶ 6-7, 142. Where this transaction took place is unknown but for purposes of this motion, assumes it was Massachusetts. Headley then used the gun to shoot Officer Kurt Stokinger in Dorchester on January 8, 2016 FAC, ¶¶ 3, 4.

In 2017, prosecutors indicted Johnson and Sullivan in the federal district court of New Hampshire on firearms charges. Id. at ¶ 139. They subsequently pleaded guilty. Id. In his plea agreement, Sullivan stipulated that the government was able to prove beyond a reasonable doubt that in 2015 in New Hampshire : a) Sullivan, in coordination with Johnson, used armslist.com to

---

[1] The Gibbon Declaration and the memorandum supporting the original motion both state that in 2015 and 2016, there were four premium vendors based in Massachusetts. Armslist has now acknowledged that this was not accurate and that the actual number is nine Premium Vendors.

3

purchase a Taurus pistol and a Glock pistol ; b) Sullivan (apparently without assistance from Johnson) used armslist.com to purchase a Shooters Arms Manufacturing pistol. Ex. 32 to Second Mulvey Decl.

## DISCUSSION

For a nonresident like Armslist to be subject to the authority of a Massachusetts court, the exercise of jurisdiction must satisfy both Massachusetts's long-arm statute, G.L. c. 223A, § 3, and the requirements of the due process clause of the Fourteenth Amendment to the United States Constitution. Exxon Mobil Corp. v. Attorney General, 479 Mass. 312, 314 (2018); SCVNGR, Inc. v. Punchh, Inc., 478 Mass. 324, 328 (2017). The plaintiff bears the burden of establishing sufficient facts to show that the requirements of the long arm statute and the Fourteenth Amendment are satisfied. Cepeda v. Kass, 62 Mass. App. Ct. 732, 736 (2004).

When a defendant challenges the assertion of personal jurisdiction over it, the Court may apply the prima facie standard or hold an evidentiary hearing. Id. 737-739. The prima facie method, which is being utilized here, is the typical method of resolving a motion to dismiss under Mass. R. Civ. P. 12(b)(2). Id. at 737. Under this approach, the Court takes "specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe[s] them in the light most congenial to the plaintiff's jurisdictional claim." Massachusetts Sch. of L. at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998); see Cepeda, 62 Mass. App. Ct. at 739 (that facts may be controverted by defendant does not overcome plaintiff's prima facie showing). The Court then "add[s] to the mix facts put forward by defendants; to the extent they are uncontradicted." Massachusetts School of Law at Andover, Inc., 142 F.3d at 34. Applying this standard, the Court concludes that the plaintiffs have failed to put forward facts sufficient to show that jurisdiction is either statutorily authorized or constitutionally appropriate.

4

The six-month period of discovery on the jurisdictional question turned up little of assistance for the plaintiffs. They deposed Sullivan, but Sullivan denied having any knowledge of Armslist or of Headley. He even disavowed the plea agreement that he had entered in New Hampshire federal court. Plaintiffs learned that Sullivan had at one time lived in Massachusetts and had a prior conviction here, but that was years before the event in question and thus is not relevant to the issue before this Court. See von Schonau-Riedweg v. Rothschild Bank AG, 95 Mass. App. Ct. 471, 489-490 (2019), quoting Fletcher Fixed Income Alpha Fund, Ltd. v. Grant Thornton LLP, 89 Mass. App. Ct. 718, 725 (2016) Walden v. Fiore, 571 U.S. 277, 284 (2014). Johnson was not deposed. Through written discovery, plaintiffs obtained emails received by and sent to Armslist. But these emails are not enough to establish the kind of relationship required between Armslist and this state necessary for the assertion personal jurisdiction.

The plaintiffs assert that jurisdiction exists under Section 3(a) and (d) of the Massachusetts Long Arm Statute. Section 3 (a) permits the assertion of jurisdiction "over a person ... as to a cause of action ... arising from the person's ... transacting any business in this commonwealth." G.L. c. 223A, § 3(a). The phrase "transacting any business" has been broadly construed, such that "anything but the most incidental commercial contact" has been held to be sufficient. Cannonball Fund v. Dutchess Capital Mgmt., LLC, 84 Mass. App. Ct. 75, 98 (2013) (internal quotations omitted). The phrase "arising from" has also been construed liberally in favor of the assertion of jurisdiction. See, e.g., Tatro v. Manor Care, Inc., 416 Mass. 763, 769-771 (1994). It creates a "but for" test, which is satisfied "if the claim was made possible by, or lies in the wake of, the transaction of business in the forum State." Id.

Here, plaintiffs' claims were neither made possible by nor lie in the wake of Armslist's business in Massachusetts. The only link Armslist has to Officer Stokinger's injury is that the

5

gun that caused his injury was posted by McNamara on armslist.com and that as a result of the posting, he sold the gun in New Hampshire to Johnson, a New Hampshire resident. There is no evidence that Johnson accessed the posting in Massachusetts, that Johnson used armlist.com to sell the gun in Massachusetts, or that the events that led to Officer Stokinger's injury had any connection to the armslist.com postings concerning Massachusetts-based guns. If anything, the record suggests that the plaintiffs' injuries derive from Armslist's business in New Hampshire.

In opposition to the renewed motion, the plaintiffs cite emails obtained in the jurisdictional discovery period. The bulk of these emails were to Premium Vendors across the country notifying them of certain website features; only one or two of these Premium Vendors were in Massachusetts. In April 2015, Armslist exchanged emails with a gun shop based in Worcester, seeking to become a Premium Vendor. The plaintiffs also cite certain emails showing that Armslist was on notice that site users in one state would purchase from another, including Massachusetts. None of these contacts relate to the conduct alleged in the FAC, however. Where plaintiffs' clams do not arise from the defendant's forum-related business activities, G.L.c. 223 §3(a) does not confer jurisdiction over the defendant. Fletcher Fixed Income Alpha Fund, Ltd. v. Grant Thornton LLP, 89 Mass. App. Ct. 718, 722 (2016).

Plaintiffs' attempt to show jurisdiction under G.L.c. 223A§3(d) is equally unsuccessful. That section permits jurisdiction over a person who "caus[es] tortious injury in this [C]ommonwealth by an act or omission outside this [C]ommonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this [C]ommonwealth." G.L. c. 223A, § 3(d). Neither the emails obtained in discovery nor any other facts plaintiffs put forward show that, in 2015 and 2016, Armslist actively recruited Massachusetts-based premium vendors,

solicited non-premium listings from Massachusetts sellers, or derived substantial revenue directly from Massachusetts-based individuals or entities that used the website. Indeed, as of January 2016, Armslist had only nine premium vendors based in the state. See Chase v. Gist, No. CIV.A. 12-40020-FDS, 2012 WL 1581682, at *4 (D. Mass. May 3, 2012) ("[E]ven a website that facilitates an interstate transaction with a Massachusetts resident is insufficient to establish jurisdiction [under § 3(d)] if the transaction is not the result of purposeful solicitation of business in Massachusetts and if business with Massachusetts residents are an unusual event from the perspective of the defendant.")

Even if the Long Arm Statute were satisfied, the assertion of jurisdiction would not comport with due process. "The due process analysis entails three requirements. First, minimum contacts must arise from some act by which the defendant purposefully avails itself of the privilege of conducting activities within the Forum State, thus invoking the benefits and protections of its laws. Second, the claim must arise out of or relate to the defendant's contacts with the forum. Third, the assertion of jurisdiction over the defendant must not offend traditional notions of fair play and substantial justice." Bulldog Investors Gen. P'ship v. Secretary of the Commonwealth, 457 Mass. 210, 217 (2010) (internal quotations and citations omitted). Here, Armslist's activities in Massachusetts were completely unrelated and extraneous to the sale between Johnson and McNamara in New Hampshire and the shooting that occurred thereafter. This absence of a nexus between plaintiffs' claims and defendant's forum related activities means that any assertion of jurisdiction would not comport with due process. See A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 59 (1st Cir. 2016);); Fern v. Immergut, 55 Mass. App. Ct. 577, 584 (2002), quoting Sawtelle v. Farrell, 70 F.3d 1381, 1389 (1st Cir.1995).

Notice sent
12/24/2021

(sc)

## **CONCLUSION AND ORDER**

For the reasons set forth above, Armslist, LLC's Renewed Motion for Partial Reconsideration to Dismiss the Case for Lack of Personal Jurisdiction is **ALLOWED**. The claims against Armslist are hereby **DISMISSED**, with prejudice.

Janet L. Sanders
Justice of the Superior Court

December 14, 2021

8