# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KURT STOKINGER and JANELLA STOKINGER,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>ARMSLIST, LLC,<br><br>　　　　　　Defendant. | Civil Action No.: 1:23-cv-00428-PB-TSM<br><br>*Hearing Requested* |

**PLAINTIFFS' OBJECTION TO DEFENDANT ARMSLIST, LLC'S MOTION TO DISMISS CLAIMS AS BARRED BY THE STATUTE OF LIMITATIONS, RES JUDICATA, COLLATERAL ESTOPPEL AND THE COMMUNICATIONS DECENCY ACT OF 1996**

MCDOWELL & MORRISSETTE, P.A.

282 River Road
Manchester, NH 03105

BLANK ROME LLP

1271 Avenue of the Americas
New York, NY 10020

BRADY

840 First Street NE
Suite 400
Washington, DC 20005

Plaintiffs Kurt Stokinger and Janella Stokinger ("Plaintiffs"), by and through undersigned counsel, object to the Motion of Defendant Armslist LLC ("Armslist") to Dismiss Claims as Barred by the Statute of Limitations, Res Judicata, Collateral Estoppel and the Communications Decency Act of 1996 ("CDA").  Along with their accompanying Memorandum of Law which is incorporated by reference, Plaintiffs state as follows:

1. Armslist created and designed an online marketplace which facilitated illegal gun sales and purchases, and caused the shooting of Officer Kurt Stokinger and Plaintiffs' injuries.

2. The claims in this action are timely, neither *res judicata* nor collateral estoppel bars this action, and the CDA does not preclude the instant suit.

3. Armslist did not have to design its website in a way that enables illegal gun sales and purchases; it chose to do so. The Complaint details how Armslist created, designed, and operated Armslist.com to target, attract, and facilitate anonymous illegal gun purchases, resulting in the foreseeable harm in this case.

4. The design and features of Armslist.com enabled a convicted felon, unable to legally buy a gun, to illegally obtain one and shoot Officer Stokinger. The shooter got his gun from a known gun runner, Sara Johnson ("Johnson"), whose selling practices relied on Armslist.com. On the morning of January 8, 2016, Officer Kurt Stokinger, a decorated nine-year veteran of the Boston Police Department, was shot with the gun sold by Johnson to Grant Headley. As a career criminal, Headley was prohibited from purchasing or possessing a firearm. Officer Stokinger's injuries would not have occurred absent Armslist's design and creation of its anonymous gun market.

5. The Stokingers originally sought justice in Massachusetts state court, but the claims were dismissed for lack of personal jurisdiction and immunity under the CDA.

1

6. Following dismissal, the Stokingers refiled their claims within one year pursuant to the New Hampshire savings statute.

7. The state savings statute allows parties to re-file their lawsuit within one year of judgment if the right of action is not barred by the prior judgment. N.H. R.S.A. § 508:10.

8. Armslist repeatedly highlights the Massachusetts opinion dismissing claims with prejudice for lack of personal jurisdiction, alleging that it prohibits the current suit. But the original court's labeling of the dismissal "with prejudice" does not automatically render it preclusive. Pursuant to Massachusetts law, a dismissal for lack of jurisdiction does not operate as an adjudication on the merits, and thus does not bar Plaintiffs' right of action.

9. The prior trial court ruling on CDA grounds also does not constitute a decision on the merits for purposes of the savings statute where the dismissal was based on immunity and the issuing court lacked jurisdiction. Moreover, the Massachusetts court never stated that the dismissal was premised on a failure to state a claim. The complaint was dismissed as barred by the CDA, which constitutes a non-merits-based dismissal that does not preclude the Stokingers from relying upon the savings statute.

10. Armslist attempts to re-write the savings statute, arguing the clock should have started when the Massachusetts court ruled on one of Armslist's motions. But the statutory language is clear that a party has "one year after the *judgment*." Judgment here was not entered until November 1, 2022, and the Stokingers filed the instant action on September 12, 2023.

11. Armslist erroneously argues that the Stokingers' claims are barred by *res judicata*, but claims are not precluded where there is no prior final judgment on the merits.

12. As set forth above, neither the CDA motion nor the personal jurisdiction motion resulted in a final judgment.

13. Even if one of the Massachusetts court's rulings had been on the merits, however, *res judicata* still would not apply based on the Alternative Disputes Doctrine.

14. The Alternative Determination Doctrine holds that if a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone, and neither receives preclusive effect. The First Circuit has affirmatively adopted the Alternative Determination Doctrine, most recently in *Foss v. Eastern States Exposition*, 67 F.4th 462 (1st Cir. 2023).

15. The procedural history of this action strongly supports application of the Alternative Determinations Doctrine. As Armslist admits in its motion, Plaintiffs sought to immediately appeal the first order dismissing claims against Armslist based on the CDA, but as a result of the filing, pendency, and determination of Defendant's motion to reconsider personal jurisdiction, Plaintiffs did not do so. Particularly where Armslist's conduct impeded entry of a final judgment, the Massachusetts judgment does not and should not preclude the Stokingers from pursuing their claims in New Hampshire.

16. Likewise, the Massachusetts court's CDA ruling does not have a collateral estoppel effect as a matter of law because the court lacked jurisdiction, the dismissal was based on immunity, and the Alternative Determinations Doctrine dictates that the first adjudication was not preclusive.

17. Finally, the so-called "safe harbor" provision of the CDA offers Armslist no protection.

18. Armslist is not entitled to CDA immunity under First Circuit jurisprudence because it cannot establish that Plaintiffs' claim is based on information provided by another information

content provider or that their claim would treat Armslist as the publisher or speaker of that information

19. The Stokingers seek to hold Armslist accountable *for its own conduct* – not for the words of others. Armslist's motion to dismiss alleges that "Plaintiffs do not and cannot allege that Armslist created or materially participated in the content of McNamara's listing." In fact, the pleadings include numerous allegations regarding Armslist's affirmative choices, contributions to the website and posts advertised therein, and its conduct in creating the high-risk gun market and its dangerous features. The CDA does not immunize parties' own conduct, in this case, Armslist's actions which led to the shooting of a decorated Boston Police Officer.

20. Armslist's motion should therefore be denied.

21. <u>Local Rule 7.1(a)</u>: A supporting memorandum of law is filed contemporaneously with this Objection.

22. <u>Local Rule 7.1(d)</u>: Plaintiffs believe oral argument would assist the Court, given the important nature of the issues presented herein.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Schedule a hearing;

B. Dismiss this Motion in its entirety; and

C. Grant such other relief as is just, equitable, and proper.

Dated: January 5, 2023                    Respectfully submitted,

                                                  **MCDOWELL & MORRISSETTE, P.A.**

By: _/s/ Mark D. Morrissette_____
     Mark D. Morrissette, Esq., NH Bar No. 10033
     Brian J. Stankiewicz, Esq., NH Bar No. 276345
     282 River Road
     Manchester, NH 03105
     (603) 623-9300
     mmorrissette@mcdowell-morrissette.com
     bstankiewicz@mcdowell-morrissette.com

**BRADY**

Douglas N. Letter, Esq., DC Bar No. 253492
(admitted *pro hac vice*)
Erin Davis, Esq., NC Bar No. 36173
(admitted *pro hac vice*)
Jenna Tersteegen, Esq., NY Bar No. 5574405
(admitted *pro hac vice*)
840 First Street NE, Suite 400
Washington, DC 20005
(202) 202-370-8100
dletter@bradyunited.org
edavis@bradyunited.org
jklein@bradyunited.org

**BLANK ROME LLP**

John D. Kimball, Esq., NY Bar No. 1416031
(admitted *pro hac vice*)
Martin S. Krezalek, NY Bar No. 4719142
(admitted *pro hac vice*)
Robyn L. Michaelson, Esq., NY Bar No. 5323944
(admitted *pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
(212) 885-5000
john.kimball@blankrome.com
martin.krezalek@blankrome.com
robyn.michaelson@blankrome.com

*Attorneys for Plaintiffs Kurt and Janella Stokinger*